ERNEST GALVAN – 196065
BLAKE THOMPSON – 255600
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email:      egalvan@rbgg.com
            bthompson@rbgg.com

JULIA YOO – 231163
IREDALE & YOO APC
105 West "F" Street, 4th Floor
San Diego, California 92101-6087
Telephone: (619) 233-1525
Facsimile: (619) 233-3221
Email:      jyoo@iredalelaw.com

LANCE WEBER – Fla. Bar No. 104550*
SABARISH NEELAKANTA – Fla. Bar No. 26623*
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, Florida 33460
Telephone: (561) 360-2523
Facsimile: (866) 735-7136
Email:      lweber@humanrightsdefensecenter.org
            sneelakanta@humanrightsdefensecenter.org

* *Pro Hac Vice* Applications To Be Filed

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN DIEGO; WILLIAM D. GORE, RICH MILLER, WILL BROWN, in their individual and official capacities, DOES 1-10, in their individual and official capacities, <br><br> Defendants. | Case No. **'14CV2417 L    NLS** <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983 AND DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

[1330019-2]

**INTRODUCTION**

Plaintiff PRISON LEGAL NEWS ("PLN" or "Plaintiff"), a project of the Human Rights Defense Center, brings this action regarding Defendants' censorship of its monthly publication and of correspondence mailed to prisoners and pre-trial detainees (collectively, "inmates") held in custody at San Diego County jails, in violation of the First and Fourteenth Amendments to the United States Constitution. Defendants have adopted and implemented mail policies and practices that unconstitutionally restrict PLN's correspondence to inmates to postcards only and have unconstitutionally limited PLN's ability to send books to inmates. Defendants' mail policies and practices do not afford adequate notice and an opportunity to challenge the censorship, in violation of PLN's right to due process. Defendants' actions violate PLN's rights and the rights of others under the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. PLN thus brings this action, pursuant to 42 U.S.C. § 1983, seeking injunctive and declaratory relief, and damages to be proven at trial.

**JURISDICTION AND VENUE**

1.      This action arises under the First and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. § 1983. This Court has both subject matter jurisdiction and diversity jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1343, 2201, and 2202.

2.      Venue is proper in the Southern District of California under 28 U.S.C. § 1391(b)(2) because substantial acts and omissions giving rise to the claims occurred in this District, including Defendants' implementation of the challenged mail policies and practices, and because Defendants reside in this District.

**PARTIES**

3.      Plaintiff PRISON LEGAL NEWS is a project of the Human Rights Defense Center ("HRDC"), a Washington Non-Profit Corporation. The core of HRDC's mission is public and prisoner education, advocacy, and outreach in

[1330019-2]

1   support of prisoners' rights and in furtherance of their basic human rights.  PLN

2   publishes and distributes a monthly journal of corrections news and analysis, and

3   offers and sells books about the criminal justice system, legal reference books, and

4   self-help books of interest to prisoners.  PLN also maintains a website

5   (www.prisonlegalnews.org) and operates an email list.  PLN has a broad audience,

6   including prisoners, lawyers, courts, libraries, and members of the general public

7   throughout the country and abroad.

8        4.      Defendant COUNTY OF SAN DIEGO is a municipal corporation,

9   organized and existing under the laws of the State of California.  Defendant

10  COUNTY OF SAN DIEGO is, and was at all relevant times mentioned herein,

11  responsible for the actions and/or inactions and the policies, procedures, customs

12  and practices of the San Diego County Sheriff's Department ("the Sheriff's

13  Department" or "the Department") and its employees and agents.  The Department

14  operates seven (7) detention facilities: San Diego Central Jail, Las Colinas Detention

15  Facility, Vista Detention Facility, George Bailey Detention Facility, South Bay

16  Detention Facility, East Mesa Reentry Facility, and Facility 8 Detention Facility

17  (collectively, the "jails"), and is and was responsible for adopting and implementing

18  mail policies governing incoming mail for inmates at San Diego County jails.

19       5.      Defendant WILLIAM D. GORE is the Sheriff of the COUNTY OF

20  SAN DIEGO, and has held this position since July 3, 2009.  Defendant GORE is

21  employed by and is an agent of Defendant COUNTY OF SAN DIEGO and the

22  Department.  He is responsible for overseeing the management and operations of the

23  jails, and for the hiring, screening, training, retention, supervision, discipline,

24  counseling, and control of the personnel of the San Diego County jails who interpret

25  and apply the mail policy for inmates.  As Sheriff, Defendant GORE is a final

26  policymaker for Defendant COUNTY OF SAN DIEGO with respect to the

27  operations of the San Diego County jails, including for policies governing incoming

28  mail for inmates.  He is sued in his individual and official capacities.

6.      Defendant RICH MILLER is an Assistant Sheriff of the COUNTY OF SAN DIEGO, in charge of the Detention Services Bureau, and was appointed to the position in 2014.  He is employed by and is an agent of Defendant COUNTY OF SAN DIEGO and the Sheriff's Department.  The Detention Services Bureau includes all jail responsibilities related to inmate services, including but not limited to reception, booking and classification, housing, and other jail services.  As Assistant Sheriff in charge of the Detention Services Bureau, Defendant MILLER is responsible for the operation and management of the San Diego County jails and for the promulgation and implementation of Detention Services Bureau policies, including the inmate mail policies challenged herein.  He is also responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of the personnel of the San Diego County jails who interpret and apply the mail policy for inmates.  He is sued in his individual and official capacities.

7.      Defendant WILL BROWN is a Commander with the Detention Services Bureau for the Sheriff's Department.  He is employed by and is an agent of Defendant COUNTY OF SAN DIEGO and the Sheriff's Department.  Defendant BROWN is responsible for the Inmate Processing Division, Inmate Services Division, Detention Training Unit, Jail Population Management Unit, Detention Gangs Unit, Detention Investigations Unit, Detention Support Division, the Prisoner Transportation Division and the Jail Information Management System.  In these capacities, Defendant BROWN is responsible for the implementation of Detention Services Bureau policies at San Diego County jail facilities, including the inmate mail policies challenged herein, and for the hiring, screening, training, retention, supervision, discipline, counseling, and control of the personnel of the San Diego County jails who interpret and apply the mail policy for inmates.  He is sued in his individual and official capacities.

8.      The true names and identities of Defendants DOES 1 through 10 are presently unknown to PLN.  Each of Defendants DOES 1 through 10 are or were

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983 AND DAMAGES

1 | employed by and are or were agents of Defendant COUNTY OF SAN DIEGO and
2 | the Sheriff's Department when some or all of the challenged inmate mail policies
3 | and practices were adopted and/or implemented.  Each of Defendants DOES 1
4 | through 10 are or were personally involved in the adoption and/or implementation of
5 | the Detention Services Division's mail policies for inmates, and/or are or were
6 | responsible for the hiring, screening, training, retention, supervision, discipline,
7 | counseling, and/or control of the San Diego County jails' staff who interpret and
8 | implement these inmate mail policies.  They are sued in their individual and official
9 | capacities.  PLN will seek to amend this Complaint as soon as the true names and
10 | identities of Defendants DOES 1 through 10 have been ascertained.

11 |         9.     Each and every act and omission alleged herein of Defendants, their
12 | officers, agents, servants, employees, or persons acting at their behest or direction,
13 | were done and are continuing to be done under the color of state law and within the
14 | scope of their official duties as employees or agents of Defendant COUNTY OF
15 | SAN DIEGO and the Sheriff's Department.

16 | **FACTUAL ALLEGATIONS**

17 |         10.    Plaintiff PRISON LEGAL NEWS publishes and distributes *Prison*
18 | *Legal News: Dedicated to Protecting Human Rights*, a monthly journal of
19 | corrections news and analysis.  PLN also publishes and distributes paperback books
20 | about the criminal justice system and legal issues impacting prisoners.

21 |         11.    PLN has thousands of subscribers in the United States and abroad,
22 | including prisoners, attorneys, journalists, public libraries, judges, and other
23 | members of the public.  PLN distributes its publication to prisoners and law
24 | librarians in approximately 2,200 correctional facilities across the United States,
25 | including institutions within the Federal Bureau of Prisons and all of the adult
26 | prisons of the California Department of Corrections and Rehabilitation.

27 |         12.    PLN engages in core protected speech and expressive conduct on
28 | matters of public concern, such as the operations of corrections facilities, jail and

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. §1983 AND DAMAGES

[1330019-2]

prison conditions, prisoner health and safety, and prisoners' rights.  PLN regularly receives correspondence from inmates in correctional facilities around the country, including San Diego County jails, in which they ask questions and report on jail or prison conditions.

## Censorship and Lack of Due Process

13.     Defendants have censored PLN's monthly journal, books, informational brochure packets, subscription renewal letters, and court rulings mailed to inmates held in custody at San Diego County jails, by refusing to deliver said items to the prisoners and, in some instances, by returning items to PLN's offices via the "Return To Sender" service of the United States Postal Service. Defendants continue to censor many of the items listed above.

14.     By returning items to sender, Defendants have censored materials mailed by PLN on at least sixty-one (61) occasions from October 2012 to the present, including, but not limited to, the items identified below.  On information and belief, Defendants have censored hundreds of other items but not returned the materials to PLN.

## Censorship of PLN's Monthly Journal

15.     PLN's monthly journal, *Prison Legal News*, is a black and white 64-page soft cover publication that contains articles on corrections news and analysis about prisoner rights, court rulings, the management of prison and jail facilities, and conditions of confinement.

16.     On or about October 10, 2012, PLN mailed its September 2012 *Prison Legal News* publication to the following two (2) prisoners at the Las Colinas Detention Center, each of whom were in custody there at the time that the publications were received:

| Prisoner Name: | Facility: | Date Mailed to Prisoner: |
| --- | --- | --- |
| Debra Jones | Las Colinas | October 10, 2012 |
| Lavinia Wofford | Las Colinas | October 10, 2012 |

Defendants did not deliver the monthly journals to these inmates to whom they were addressed, sending them back by return mail, and marking them with an ink stamp noting: (1) "RETURN TO SENDER. ONLY POSTCARDS ACCEPTED AT THE FACILITY – SAN DIEGO SHERIFF'S DEPARTMENT."

17.     On or about March 4, 2013, PLN mailed its February 2013 *Prison Legal News* publication to the following two (2) prisoners at the Las Colinas and George F. Bailey Detention Facilities, each of whom were in custody there at the time that the publications were received.

| Prisoner Name: | Facility: | Date Mailed to Prisoner: |
|---|---|---|
| Katherine Martin | Las Colinas | March 4, 2013 |
| Daniel Sorenson | George F. Bailey | March 4, 2013 |

Defendants did not deliver the publications to the inmate-addressees, sending them back by return mail, and marking them with an ink stamp noting: (1) "RETURN TO SENDER. ONLY POSTCARDS ACCEPTED AT THE FACILITY – SAN DIEGO SHERIFF'S DEPARTMENT;" and (2) "RETURN TO SENDER, REASON CHECKED: ATTEMPTED – NOT KNOWN."

18.     On or about April 26, 2013, PLN mailed its April 2013 *Prison Legal News* publication to the following prisoner at the Las Colinas Detention Facility, who was in custody there at the time that the publication was received:

| Prisoner Name: | Facility: | Date Mailed to Prisoner: |
|---|---|---|
| Diane Brown | Las Colinas | April 26, 2013 |

Defendants did not deliver the publication to the inmate-addressee, sending it back by return mail, and marking it with an ink stamp noting: (1) "RETURN TO SENDER. ONLY POSTCARDS ACCEPTED AT THE FACILITY – SAN DIEGO SHERIFF'S DEPARTMENT;" and (2) "RETURN TO SENDER, REASON CHECKED: ATTEMPTED – NOT KNOWN."

19.     On or about May 15, 2013, PLN mailed its April 2013 *Prison Legal*

*News* publication to the following prisoner at the George F. Bailey Detention Facility, who was in custody there at the time that the publication was received:

| Prisoner Name: | Facility: | Date Mailed to Prisoner: |
| --- | --- | --- |
| Luis Eternod | George F. Bailey | May 15, 2013 |

Defendants did not deliver the publication to the inmate-addressee, sending it back by return mail, and marking it with a black marker pen, noting: (1) "RTS."

20.     On or about November 6, 2013, PLN mailed its January 2013 *Prison Legal News* publication to the following prisoner at the San Diego Central Jail, who was in custody there at the time that the publication was received:

| Prisoner Name: | Facility: | Date Mailed to Prisoner: |
| --- | --- | --- |
| Andre Smith | San Diego Central | November 6, 2013 |

Defendants did not deliver the publication to the inmate-addressee, sending it back by return mail, and marking it with a black marker pen, noting: (1) "RTS."

21.     On or about February 19, 2014, PLN mailed its January 2014 Prison Legal News publication to the following prisoner at the George F. Bailey Detention Facility, who was in custody there at the time that the publication was received:

| Prisoner Name: | Facility: | Date Mailed to Prisoner: |
| --- | --- | --- |
| Larry Mallory | George F. Bailey | February 19, 2014 |

Defendants did not deliver the publication to the inmate-addressee, sending it back by return mail, and marking it with a black marker pen, noting: (1) "RTS."

22.     On or about July 16, 2014, PLN mailed its June 2014 *Prison Legal News* publication to the following prisoner at the George F. Bailey Detention Facility, who was in custody there at the time that the publication was received:

| Prisoner Name: | Facility: | Date Mailed to Prisoner: |
| --- | --- | --- |
| David Dadon | George F. Bailey | July 16, 2014 |

Defendants did not deliver the publication to the inmate-addressee, sending it back by return mail, and marking it with a black marker pen, noting: (1) "RTS."

23.     On information and belief, Defendants refused to deliver at least an

7

[1330019-2]

1 additional forty-three (43) *Prison Legal News* issues that PLN mailed to inmates,

2 other than those identified above, who were in custody at the San Diego County jails

3 at the time the publications were received.

4     24.    Currently, PLN has thirty-seven (37) subscribers at the San Diego

5 County jails.  PLN continues to pursue its mission to promote public safety through

6 educational and journalistic avenues by sending its monthly publication to inmates

7 confined at San Diego County jails.

8 **Censorship of Subscription Renewal Letters**

9     25.    Defendants also have censored PLN's correspondence with inmates

10 containing PLN "Subscription Renewal Letters."  Since at least October 2012,

11 Defendants have censored PLN's Subscription Renewal Letters by refusing to

12 deliver it to two (2) inmates to whom they were addressed, sending it back by return

13 mail, and marking it with a black marker pen, noting:  (1) "RTS-POSTCARDS

14 ONLY"; (2) RETURN TO SENDER – ONLY POSTCARDS ACCEPTED AT THE

15 FACILITY. SAN DIEGO SHERIFF'S DEPARTMENT" or simply "RTS."

16     26.    Since October 2012, Defendants censored PLN's attempt to send

17 Subscription Renewal Letters to the following two (2) inmates at the San Diego

18 County Jails:

| Prisoner Name: | Facility: | Date Mailed to Prisoner: |
| --- | --- | --- |
| Larry Mallory | George F. Bailey | October 4, 2013 |
| John Stratton | East Mesa | November 1, 2013 |

22     27.    On information and belief, Defendants refused to deliver additional

23 Fifty-Two (52) Subscription Renewal Letters that PLN mailed to inmates, other than

24 those identified above, who were in custody at the San Diego County jails at the

25 time the Subscription Renewal Letters were received.

26 **Censorship of PLN's Informational Brochure Packet**

27     28.    Defendants have censored PLN's Informational Brochure Packet by

28 refusing to deliver it to the inmates to whom it was addressed.  PLN's

[1330019-2]

"Informational Brochure Packet" includes the three items described below:  (1) The *Prison Legal News* Brochure and Subscription Order Form; (2) The PLN Book List; and (3) The Published Books Brochure.

        (a)      ***Prison Legal News* Brochure and Subscription Order Form**: This brochure and order form include: a description of the topics covered in PLN's monthly magazine; subscription rates, special subscription offers, a subscription order form; a description of three books available for purchase or included with a subscription to *Prison Legal News—Protecting Your Health & Safety*, *With Liberty for Some: 500 Years of Imprisonment in America*, and *Prison Profiteers: Who Makes Money from Mass Incarceration*; and other information about PLN's bookstore.

        (b)      **PLN Book List**:  The book list includes a description of 42 books, dictionaries, and legal resource materials available for purchase.  The books available for purchase cover a variety of topics, including: the basic rights of prisoners regarding health and safety; the American criminal justice system; finding the right lawyer; DNA testing; issues related to imprisoned women; self-representation in court; developing a successful re-entry plan upon correctional release; searching for a job; crime and poverty; and the mental health crisis in U.S. prisons and jails.

        (c)      **PLN Published Books Brochure**:  The PLN Published Books brochure details two books published by PLN and includes detailed information about and an order form for (1) a comprehensive book on high school, vocational, paralegal, undergraduate, and graduate courses available to prisoners through written correspondence programs of study; and (2) a legal resource book on the topic of ineffective assistance of counsel and habeas corpus litigation.

      29.      Since at least October 2012, and continuing to the present day, PLN mailed its Informational Brochure Packet addressed to at least ten (10) prisoners within the San Diego County Jail system on or about the following dates, which

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983 AND DAMAGES

[1330019-2]

were subsequently censored by their respective facilities:

| Prisoner Name: | Facility: | Date Mailed to Prisoner: |
| --- | --- | --- |
| Lavinia Wofford | Las Colinas | October 10, 2012 |
| Debra Jones | Las Colinas | October 10, 2012 |
| Sherry Lackey | Las Colinas | October 12, 2012 |
| Katherine Martin | Las Colinas | March 4, 2013 |
| James Waddell | San Diego Central | March 4, 2013 |
| Diane Brown | Las Colinas | April 26, 2013 |
| Abner Lister | George F. Bailey | January 21, 2014 |
| Aaron Hurst | Facility 8 | July 23, 2014 |
| Eli Robinson | George F. Bailey | August 18, 2014 |
| Christopher Macias | George F. Bailey | September 19, 2014 |

30.     Defendants have censored PLN's Informational Brochure Packet by refusing to deliver it to the inmates to whom it is addressed, sometimes sending it by return mail and indicating various reasons for return including the following:  (1) "RETURN TO SENDER"; (2) "RTS"; (3) "RETURN TO SENDER. ONLY POSTCARDS ACCEPTED AT THE FACILITY – SAN DIEGO SHERIFF'S DEPARTMENT."

31.     On information and belief, Defendants refused to deliver at least an additional forty-one (41) Informational Brochure Packets that PLN mailed to inmates, other than those identified above, who were in custody at the San Diego County jails at the time the Informational Brochure Packets were received.

32.     PLN continues its educational and journalistic mission by sending its Informational Brochure Packets to inmates confined at San Diego County jails.

### Censorship of Photocopies and Internet Printouts

33.     Defendants also have censored PLN's correspondence with inmates containing the following Internet-based printouts of case law by refusing to deliver copies of the following decisions: *Clement v. California Dept. of Corr.*, 364 F.3d 1148 (9th Cir. 2004); *Prison Legal News v. Lehman*, 397 F.3d 692 (9th Cir. 2005); *Prison Legal News v. Columbia County*, Case No. 3:12-CV-00071-SI, 2012 U.S.

10

[1330019-2]

Dist. LEXIS 74030 (D. Or. May 29, 2012); and *Prison Legal News v. County of Ventura*, Case No. 14-0773-GHK, 2014 U.S. Dist. LEXIS 84574 (C.D. Cal. June 16, 2014).

34.     Since at least March 2013, and continuing to the present day, PLN mailed these internet-based printouts of case law addressed to sixteen (16) prisoners within the San Diego County Jail system on or about the following dates, which were subsequently censored by their respective facilities:

| Prisoner Name: | Facility: | Case: | Date Mailed to Prisoner: |
| --- | --- | --- | --- |
| Katherine Martin | Las Colinas | *Lehman* | March 6, 2013 |
| Katherine Martin | Las Colinas | *Clement* | March 6, 2013 |
| James Waddell | San Diego Central | *Lehman* | March 6, 2013 |
| James Waddell | San Diego Central | *Clement* | March 6, 2013 |
| Katherine Martin | Las Colinas | *Columbia* | March 6, 2013 |
| John Stratton | East Mesa | *Columbia* | April 1, 2013 |
| Debra Jones | Las Colinas | *Columbia* | April 1, 2013 |
| Regina Johnson | Las Colinas | *Columbia* | April 1, 2013 |
| Sherry Lackey | Las Colinas | *Columbia* | April 1, 2013 |
| Isaiah Bowman | San Diego Central | *Columbia* | April 1, 2013 |
| Kari Harris | San Diego Central | *Columbia* | April 1, 2013 |
| Cameron Parker | East Mesa | *Columbia* | April 1, 2013 |
| Raymond Wight | East Mesa | *Columbia* | April 1, 2013 |
| Steven Macomber | East Mesa | *Columbia* | April 1, 2013 |
| Steven Hummel | San Diego Central | *Columbia* | April 1, 2013 |
| Richard Fox | George Bailey | *Columbia* | April 1, 2013 |
| Diane Brown | Las Colinas | *Lehman* | April 29, 2013 |
| Diane Brown | Las Colinas | *Clement* | April 29, 2013 |
| Eli Robinson | George Bailey | *Ventura* | August 12, 2014 |

35.     These items have been sent by return mail indicating various reasons for return, including the following: (1) "RETURN TO SENDER – REFUSED"; (2) "RETURN TO SENDER. ONLY POSTCARDS ACCEPTED AT THE FACILITY – SAN DIEGO SHERIFF'S DEPARTMENT"; (3) "UNACCEPTABLE MAIL"; (4) "RETURN TO SENDER – UNDELIVERABLE AS ADDRESSED";

1   (5) "RETURN TO SENDER"; and (6) "RTS."  PLN has also received information

2   from prisoners reflecting that three other mailings of case law were censored.

3        36.     On information and belief, Defendants refused to deliver at least an

4   additional One Hundred and Fifty-Five (155) internet-based printouts of case law

5   that PLN mailed to inmates, other than those identified above, who were in custody

6   at the San Diego County jails at the time the internet-based printouts of case law

7   were received.

8        37.     PLN continues its educational and journalistic mission by sending

9   Internet-based printouts of case law to inmates confined at San Diego County jails.

10              **<u>Censorship of PLN Letters</u>**

11       38.     Since October 2012, Defendants also have censored PLN's letter

12   correspondence with inmates.  PLN mailed individually addressed letters from its

13   Editor, Paul Wright, to thirteen (13) separate prisoners at the San Diego County jails

14   on or about the following dates, which were subsequently censored by their

15   respective facilities:

| **Prisoner Name:** | **Facility:** | **Date Mailed to Prisoner:** |
|---|---|---|
| Mark Davis | Vista | October 18, 2012 |
| Alfredo Ortega | South Bay | October 18, 2012 |
| Anthony Harris | South Bay | October 18, 2012 |
| Jimmy Bray | South Bay | October 18, 2012 |
| Lance Ware | South Bay | October 18, 2012 |
| Richard Fox | South Bay | October 18, 2012 |
| Derek Dahl | San Diego Central | October 18, 2012 |
| Edward Crenshaw | San Diego Central | October 18, 2012 |
| Sherry Lackey | Las Colinas | October 18, 2012 |
| Deborah Fenex | Las Colinas | October 18, 2012 |
| Regina Johnson | Las Colinas | October 18, 2012 |
| Rebecca Williams | Las Colinas | October 18, 2012 |
| Sandra Lamb | Las Colinas | October 18, 2012 |

27       39.     These items have been sent by return mail indicating various reasons

28   for return, including the following: (1) "RETURN TO SENDER. ONLY

12

1  POSTCARDS ACCEPTED AT THE FACILITY – SAN DIEGO SHERIFF'S

2  DEPARTMENT"; (2) and "RETURN TO SENDER"

3      40.    On information and belief, Defendants refused to deliver at least an

4  additional twenty-four (24) letters from PLN's editor that were mailed to inmates,

5  other than those identified above, who were in custody at the San Diego County jails

6  at the time the letter correspondences were received.

7                              **Censorship of Books**

8      41.    Defendants' have prevented Plaintiffs from sending the *Habeas*

9  *Citebook: Ineffective Assistance of Counsel* (*Habeas Citebook*), to inmates at the

10  San Diego County jails – a book published and distributed by Plaintiffs.  Widely

11  used by prisoners and jail-house lawyers, the book describes the procedural and

12  substantive complexities of federal *habeas corpus* litigation with the goal of

13  identifying and litigating claims involving ineffective assistance of counsel.

14      42.    PLN mailed individually addressed copies of the book to eight (8)

15  prisoners on or about the following dates, which were subsequently censored by

16  their respective facilities:

17 | **Prisoner Name:** | **Facility:** | **Date Mailed to Prisoner:** |
18 | --- | --- | --- |
   | Charles Daniels | George Bailey | July 16, 2014 |
19 | Chris Eliott | George Bailey | July 16, 2014 |
   | David J. Dadon | George Bailey | July 16, 2014 |
20 | Amy Huntsman | Las Colinas | July 23, 2014 |
   | Aliyyh Brown | Las Colinas | July 23, 2014 |
21 | Dustin Roberts | George Bailey | August 12, 2014 |
22 | Carl Lee Roberts | George Bailey | August 12, 2014 |
23 | Eli Robinson | George Bailey | August 12, 2014 |

24

25      43.    These items have been sent by return mail at PLN's expense indicating

26  various reasons for the return including the following: (1) "RETURN"; (2) "RTS";

27  and (3) RETURN: NOT AUTHORIZED. HAS TO COME FROM PUBLISHER",

28  despite the fact that Plaintiff is the publisher of *Habeas Citebook*; and (4)

[1330019-2]

"REASON FOR REJECT, BOOK SIZE NOT ALLOWED, DEMENSIONS [SIC] TO [SIC] LARGE."

44.     On information and belief, Defendants refused to deliver at least an additional nineteen (19) books that were mailed to inmates, other than those identified above, who were in custody at the San Diego County jails at the time the books were received.

## Failure to Provide Due Process

45.     Defendants did not provide PLN with constitutionally adequate due process notice or with an opportunity to appeal the aforementioned censorship decisions.

46.     Defendants failed to provide due process notice to PLN of the reason for rejecting PLN materials by, among other inadequacies, failing to explain the basis for their censorship decisions, failing to identify the specific mail policy they relied on, stating different reasons for censoring identical items of mail, and otherwise failing to give meaningful notice of the censorship.  With all of the rejected materials, Defendants did not provide any further information to PLN other than what is noted above.  At no time did Defendants provide an opportunity for PLN to appeal the rejection of its mail.

47.     On information and belief, Defendants fail to provide due process notice and an opportunity to appeal to other senders of censored mail addressed to prisoners at the San Diego County jails.

48.     On information and belief, Defendants fail to provide any notice to the prisoner-addressees that the Jail censored PLN's mail.  Defendants also fail to provide the prisoner-addressees with any opportunity to be heard to challenge the censorship decisions.

## Jail Policies and Practices

49.     Starting in September 2012, Defendants began applying a postcard only policy which requires all incoming mail addressed to inmates at the San Diego

County jails, with the exception of legal mail, to be in postcard form (hereinafter "Postcard Only Mail Policy").  Defendants' web site explaining that policy states, in pertinent part:  *"Effective September 1, 2012, the only acceptable form of incoming personal public correspondence will be postcards and electronic mail messages (e-mail).  Personal incoming letters will no longer be accepted.  Any incoming personal letters received will be returned to the sender."*  Defendants' web site also provides that books must be "be no larger than 6" x 9" x 2" thick."

50.    Defendants' Postcard Only Mail Policy and book policies, practices and customs have been used to censor PLN's correspondence with inmates at San Diego County jails containing PLN's monthly journal, informational brochure packets, Internet-based printouts of case law, letters from the PLN Editor, Paul Wright, and books published by PLN.

51.    Defendants' conduct prohibiting PLN from mailing its publications, informational brochure packets, Internet-based printouts of case law and letters to inmates confined at the San Diego County jails violates the First Amendment. Defendants' policies, practices and customs censor these expressive activities and have a chilling effect on PLN's future speech and expression directed toward inmates confined there.  Defendants' policies, practices and customs are unconstitutional both facially and as applied to Prison Legal News.

52.    Prison Legal News publishes and distributes content concerning the rights of inmates and the means by which they may obtain relief from unconstitutional conditions of confinement.  As a result, PLN is informed and believes that Defendants have retaliated against PLN by refusing to deliver PLN's written materials to inmates held at the jails.

53.    Defendants' actions have violated, continue to violate, and are reasonably expected in the future to violate PLN's constitutional rights, and have caused Plaintiff financial harm in the form of lost subscriptions, lost opportunities for purchases and sales of its publications, lost opportunities for book sales, and

diversion of resources to address the censorship.  In addition, Defendants' actions have frustrated Plaintiff's mission of education and advocacy, including the dissemination of PLN's political message, and the reporting and publishing of news regarding the human and legal rights of persons held in prisons and jails.  Further, Defendants' actions have interfered with PLN's ability to recruit new donors, writers and supporters.

54.   Defendants' actions and inactions were and are motivated by ill motive and intent, and were and are all committed under color of law with reckless indifference to PLN's rights.

55.   Defendants COUNTY OF SAN DIEGO, WILLIAM D. GORE, RICH MILLER, WILL BROWN, DOES 1-10, and other agents of the County of San Diego are responsible for or personally participated in creating and implementing these unconstitutional policies, practices, and customs, or for ratifying or adopting them.  Further, Defendants are responsible for training and supervising the mail staff whose conduct has injured and continues to injure PLN.

56.   Defendants' unconstitutional policy, practices, and customs are ongoing, continue to violate PLN's rights, and are the moving force behind the constitutional violations.  As such, PLN has no adequate remedy at law.

57.   PLN is entitled to injunctive relief prohibiting Defendants from refusing to deliver publications, informational brochures packets, and other correspondence from *Prison Legal News* without any legal justification, and prohibiting Defendants from censoring mail without due process of law.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Against All Defendants - For Violations of the First Amendment Under Color Of State Law – Free Speech; Section 1983)

58.   Plaintiff realleges and incorporates by reference the preceding paragraphs.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983 AND DAMAGES

[1330019-2]

59.    The acts described above constitute violations of Plaintiff's rights under the First Amendment to the United States Constitution through 42 U.S.C. § 1983, and have caused and will continue to cause damages to Plaintiff.

60.    Plaintiff seeks declaratory and injunctive relief, as well as nominal and compensatory damages, against all Defendants.

61.    Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, the individual Defendants acted with the intent to injure, vex, annoy and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and depriving it of its constitutional rights.

62.    As a result of the forgoing, Plaintiff seeks exemplary and punitive damages against the individual Defendants.

### SECOND CLAIM FOR RELIEF
**(Against All Defendants - For Violations of the First Amendment Under Color Of State Law - Retaliation for Exercising Speech Rights; Section 1983)**

63.    Plaintiff realleges and incorporates by reference the preceding paragraphs.

64.    The acts described above constitute violations of Plaintiff's right to be free from retaliation for exercising its constitutionally protected speech rights.

65.    By retaliating against Plaintiff, Defendants have violated Plaintiff's rights under the First Amendment to the United States Constitution through 42 U.S.C. § 1983, and have caused and will continue to cause damages to Plaintiff.

66.    Plaintiff seeks declaratory and injunctive relief, as well as nominal and compensatory damages, against all Defendants.

67.    Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, the individual Defendants acted with the intent to injure, vex, annoy and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of

[1330019-2]

causing Plaintiff injury and depriving it of its constitutional rights.

68.     As a result of the forgoing, Plaintiff seeks exemplary and punitive damages against the individual Defendants.

### THIRD CLAIM FOR RELIEF
**(Against All Defendants - For Violations of the Due Process Clause of the Fourteenth Amendment Under Color Of State Law; Section 1983)**

69.     Plaintiff realleges and incorporates by reference the preceding paragraphs.

70.     By failing to give Plaintiff sufficient notice of the censorship of its written speech, and by failing to give an opportunity to be heard with respect to that censorship, Defendants have deprived and continue to deprive Plaintiff of liberty and property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution via 42 U.S.C. § 1983.

71.     The acts described above have caused and will continue to cause damage to Plaintiff.

72.     Plaintiff seeks declaratory and injunctive relief, as well as nominal and compensatory damages, against all Defendants.

73.     Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, the individual Defendants acted with the intent to injure, vex, annoy and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and depriving it of its constitutional rights.

74.     As a result of the forgoing, Plaintiff seeks exemplary and punitive damages against the individual Defendants.

### FOURTH CLAIM FOR RELIEF
**(Against All Defendants - For Violations of the Equal Protection Clause of the Fourteenth Amendment Under Color Of State Law; Section 1983)**

75.     Plaintiff realleges and incorporates by reference the preceding

[1330019-2]

paragraphs.

76.     By prohibiting the delivery of Plaintiff's publications but allowing the delivery of the publications of others who are similarly situated, Defendants have deprived and continue to deprive Plaintiff of equal protection under the laws, in violation of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983.

77.     The acts described above have caused and will continue to cause damage to Plaintiff.

78.     Plaintiff seeks declaratory and injunctive relief, as well as nominal and compensatory damages, against all Defendants.

79.     Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, the individual Defendants acted with the intent to injure, vex, annoy and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and depriving it of its constitutional rights.

80.     As a result of the forgoing, Plaintiff seeks exemplary and punitive damages against the individual Defendants.

## PRAYER FOR RELIEF

The conduct previously alleged, unless and until enjoined by order of this Court, will cause great and irreparable injury to Plaintiff.  Further, a judicial declaration is necessary and appropriate at this time so that all parties may know their respective rights and act accordingly.

WHEREFORE, Plaintiff requests relief as follows:

1.     A declaration that Defendants' policies, practices, and customs violate the First and Fourteenth Amendments to the United States Constitution.

2.     An order enjoining all Defendants and their employees, agents, and any and all persons acting in concert with them from further violating Plaintiff's and other senders' civil rights under the First and Fourteenth Amendments to the United

[1330019-2]

1  States Constitution.

2      3.      Nominal damages for each violation of Plaintiff's rights by the

3  Defendants.

4      4.      Compensatory damages in an amount to be proven at trial.

5      5.      Punitive damages against the individual Defendants in an amount to be

6  proven at trial.

7      6.      Costs, including reasonable attorney's fees, under 42 U.S.C. § 1988

8  and under other applicable law.

9      7.      Prejudgment and post-judgment interest.

10      8.      Such other relief as the Court deems just and equitable.

11

12                          **DEMAND FOR JURY TRIAL**

13      Plaintiff hereby demands a jury trial.

14

15  DATED: October 9, 2014              Respectfully submitted,

16                                      ROSEN BIEN GALVAN & GRUNFELD LLP

17

18                                      By: */s/ Ernest Galvan*
                                            Ernest Galvan

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. §1983 AND DAMAGES