EXHIBIT 3

# SETTLEMENT AGREEMENT OF EQUITABLE CLAIMS

This Settlement Agreement of Equitable Claims is made and entered into by and between Plaintiff PRISON LEGAL NEWS, A PROJECT OF THE HUMAN RIGHTS DEFENSE CENTER ("Plaintiff") and Defendants COUNTY OF SAN DIEGO, ET AL. ("Defendants").

## RECITALS

WHEREAS, on October 9, 2014, Prison Legal News filed a lawsuit in the United States District Court titled *Prison Legal News, a Project of the Human Rights Defense Center v. County of San Diego, William D. Gore, Rich Miller, Will Brown, in their individual and official capacities; Does 1-10, in their individual and official* capacities, Case No. 2:14-CV-02417-L-NLS.

WHEREAS, Plaintiff brought the lawsuit pursuant to 42 U.S.C. section 1983 alleging that its First Amendment rights had been violated by the policies of Defendants relating to acceptance of mail in county jails;

WHEREAS, on May 7, 2015, the District Court granted a preliminary injunction in favor of Plaintiff on a portion of its claims;

WHEREAS, the parties desire to resolve all matters between them, including, but not limited to, all matters arising out of or related to the allegations of the above described lawsuit.

NOW THEREFORE, in consideration of the foregoing, the parties agree as follows:

## I. SCOPE AND DURATION OF SETTLEMENT AGREEMENT

A. This Settlement Agreement (the "Agreement") shall remain enforceable upon approval of the Court until January 1, 2021. After that date, enforcement by the Court may be terminated on a motion of Defendants establishing substantial compliance over the period of the agreement, and the institution of policies and procedures to ensure durable compliance.

B. The parties to this Agreement shall endeavor in good faith to resolve any differences regarding the interpretation of, and compliance with, this Agreement prior to bringing such matters to the Court for resolution.

D. The parties agree that any time limits for Defendant to complete certain matters as set forth in this Agreement may be extended upon mutual consent of the parties and the parties shall endeavor in good faith to agree upon a reasonable extension of the particular deadline in question.

E. The parties agree that during the term of this agreement, Defendants may adopt policies and procedures that are consistent with statutory and/or case law that become controlling after the signing of this agreement. Defendants agree to provide Plaintiff's counsel with notice of such changes in policies and procedures 90 days before their intended effective date.

## II. TERMS OF SETTLEMENT

1. Defendants agree to implement the terms of this Agreement within thirty (30) days of the date of the entry of the Order of the Court approving the settlement.

2. The parties agree to meet and confer regarding the contents of mail policies for implementing this Agreement, and Defendants shall provide appropriate training on the mail policies consistent with the terms herein.

3. Defendants agree not to refuse to deliver correspondence, catalogs or subscription order forms to or from inmates at the jails solely on the basis that the material is not in the form of a postcard.

4. Defendants agree not to refuse to deliver correspondence, catalogs or subscription order forms to inmates at the jails on the basis that inmates cannot order subscriptions or other materials, as long as such items are not otherwise prohibited by the mail policies.

5. Defendants agree not to prohibit publishers and publication distributors from sending unsolicited material to particular inmates, subject to mail screening policies.

6. Defendants agree that documents or publications shall not be rejected solely on the basis that they were photocopied or printed from the Internet.

7. Defendants agree not to prohibit inmates from ordering books, magazines or other publications, subject to mail screening policies that are consistent with the First Amendment and Fourteenth Amendment due process.

8. Defendants agree not to prohibit inmates from receiving soft-cover books or magazines solely based on the size of the publication, subject to mail screening policies that are consistent with the First Amendment and Fourteenth Amendment due process. This prohibition shall not prevent Defendants from enforcing property rules that limit inmates to a total accumulation of property.

9. Defendants agree that in the event that Defendants prevent any prisoner from sending or receiving any item of mail, including, by way of example but not limitation, any book, magazine, periodical, brochure, flyer, or any item of personally addressed written correspondence in any format whatsoever so long as it includes the sender's name and address, Defendants shall provide a written notice to both the sender and the intended recipient that states: (a) the name of the sender; (b) the name of the intended recipient; (c) the date the mail was received; (d) a description of the item of mail, including the name of the publication if it is a publication; (e) the reason for the rejection; (f) a reference to the objectionable

portion of the mail; and (g) information about how to appeal the rejection of the mail to an individual who was not involved with the original censorship decision.

10. Defendants agree to post their most current mail policy on their website within thirty (30) days of the effective date of this Agreement and shall provide notice of the new policy to inmates by means of updating their inmate orientation video within sixty (60) days of the effective date of this Agreement.

11. Defendants agree to provide Plaintiff's counsel with reasonable access to information regarding their compliance with the terms of this Agreement.

## III. DISMISSAL OF INDIVIDUAL PARTIES

12. Plaintiff agrees to dismiss all claims against all named and fictitious individual defendants in their personal and official capacities with prejudice to refiling in this or any other Federal or State court. The correct remaining defendants are the County of San Diego, Sheriff William D. Gore in his official capacity, and whoever may later hold the office of the Sheriff of San Diego County in his or her official capacity.

## IV. ENTIRE AGREEMENT

13. This constitutes the entire agreement as to the equitable claims between the parties and supersedes all prior understandings, whether oral or written, between the parties. The parties agree to resolve the matters of damages, costs, and attorneys' fees by separate Settlement and Release.

14. Nothing contained herein shall be deemed to be an admission by the Defendants of liability or of the truth of any of the allegations set forth in the Complaint, or that they have in any manner violated the rights of Plaintiff or any person.

15. This Settlement Agreement may be executed in counterparts or by facsimile and/or by attachment to an email

DATED: 11/17, 2015  PRISON LEGAL NEWS, A PROJECT OF THE HUMAN RIGHTS DEFENSE CENTER

By: _____
Paul Wright, Executive Director

DATED: 11/16, 2015  SHERIFF WILLIAM D. GORE

: William D. Gore

DATED: _____, 2015  ROSEN BIEN GALVAN & GRUNFELD LLP

By: *s/ Ernest Galvan*
Ernest Galvan

Attorneys for Plaintiff
E-mail: egalvan@rbgg.com

DATED: _____, 2015    THOMAS E. MONTGOMERY, County Counsel

By: *s/ James M. Chapin*
    James M. Chapin

Attorneys for Defendants
E-mail: james.chapin@sdcounty.ca.gov