UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISON LEGAL NEWS,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                              Defendants. | Case No.: 14-cv-2417-L-NLS<br><br>**ORDER DISMISSING PETITIONER'S MOTION TO INTERVENE AND PETITION FOR CONTEMPT**<br><br>**[ECF No. 82]** |

Pending before the Court is Petitioner Pedro Rodriguez's ("Petitioner") motion to intervene and petition for contempt. (ECF No. 82.) Defendants opposed, (ECF No. 86), and Petitioner replied, (ECF No. 88). The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d.1). For the reasons stated below, the Court denies Petitioner's motion.

**1.   BACKGROUND**

Plaintiff Prison Legal News ("Plaintiff") filed the initial complaint in this matter on October 9, 2014, alleging Defendants censored and failed to deliver Plaintiff's publications in violation of the First and Fourteenth Amendments. (ECF No. 1.) Following a settlement agreement, Plaintiff filed a joint motion for entry of judgment on February 6, 2018. (ECF No. 79.) In the motion, the parties stipulated that the "action is dismissed," but agreed that the Magistrate Judge shall "retain jurisdiction over all disputes between and among the parties arising out of the settlement agreement, including but not limited to the interpretation and enforcement of the terms of the settlement agreement." (ECF No. 79-1, at 2.) The Court granted the motion, dismissing the case subject to the aforementioned jurisdiction retainer. (ECF No. 80.)

Petitioner, proceeding *pro se*, is a prisoner claiming that the San Diego Sheriff's Department stopped delivering his mail on September 1, 2022, in violation of the First and Fourteenth Amendments. (ECF No. 82, at 2–3, 5.) Petitioner now moves to intervene pursuant to Federal Rule of Civil Procedure 23[1] and requests that the Court hold the San Diego Sheriff's Department in contempt for violating the settlement agreement. (*Id.* at 1, 3.)

**2.   DISCUSSION**

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) allows a plaintiff to dismiss an action by filing a stipulation of dismissal signed by all parties. "Once a stipulation of dismissal has been filed, 'the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.'" *Wells v. California Home Loan Sols.*, No. CIV07CV1040JAJB, 2007 WL 2915059, at *2 (S.D. Cal. Oct. 4, 2007) (quoting *Duke Energy Trading & Mktg., LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001)). However, the Court may maintain jurisdiction over collateral matters. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).

The original parties' filing of the stipulation of dismissal divested this Court of jurisdiction to rule on Petitioner's motion to intervene. Moreover, the jurisdiction invested in the Magistrate Judge concerns a collateral matter. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) ("[I]f the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal . . . a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist."). The Court does not have the ability to

---

[1] Federal Rule of Civil Procedure 23 only applies to class actions, which the above-captioned case is not. Therefore intervention under Rule 23 is inappropriate. But even if the Court gives Petitioner the benefit of liberal construction for *pro se* filings, *see Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and considers Petitioner's motion as one brought under the appropriate Rule, Petitioner's motion still fails for the reasons stated below.

expand its jurisdiction beyond collateral matters. Therefore, the Court lacks jurisdiction to rule on Petitioner's motion, let alone grant it. *See W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) ("Because the underlying litigation is over, we cannot grant [the proposed intervenor] any 'effective relief' by allowing it to intervene now."). It follows that the Court also lacks jurisdiction to issue a contempt order on Petitioner's behalf.

### 3. CONCLUSION

For the reasons stated above, the Court denies Petitioner's motion to intervene and petition for contempt due to lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: April 10, 2023

Hon. M. James Lorenz
United States District Judge